UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No.  3:24-CV-1561-K |
| | § | |
| TITAN TRANSPORT CORP. dba | § | |
| TITAN TRANSPORTATION, and | § | |
| RUBEN IVAN MENDOZA | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Canal Insurance Company's Motion for Default Judgment against Defendant Ruben Ivan Mendoza (Doc. No. 18) and Supplement in Support of its Motion for Default Judgment against Defendant Ruben Ivan Mendoza (Doc. No. 20) (together, the "Motion"). Having carefully considered the Motion, the relevant portions of the record, and the applicable law, the Court finds that default judgment against Defendant Mendoza is warranted. Accordingly, the Court **GRANTS** the Motion.

## I.    Factual Background

Titan Transport Corp dba Titan Transportation ("Titan"), insured by Canal Insurance Company ("Canal"), was sued by Ruben Ivan Mendoza in an underlying lawsuit styled *Ruben Ivan Mendoza v. TF Dedicated Logistics, LLC et al.*, Cause No. DC-21-10605, in the 134th Judicial District Court of Dallas County, Texas (the "Underlying Lawsuit").

**Page 1**

The Underlying Lawsuit arises out of a May 12, 2021, accident in which Mendoza, who was in the course and scope of his employment with Titan at the time, was allegedly stopped on the side of the road, when he was rear ended by an 18-wheeler truck owned by DSX Transportation, LLC and operated by Merilyn Birl Williams. Medoza alleges that Titan had a non-delegable duty as his employer to provide a safe work environment but failed to do so. The Underlying Lawsuit was tried to a jury, which returned a verdict in favor of Mendoza totaling $17,245,208.00, with Titan sharing 18 percent liability. On January 19, 2024, the trial court entered final judgment against Titan for $6,245,208.00 in damages, plus court costs of $30,819.48 and post-judgment interest at a rate of 7.75 percent per annum compounded annually until satisfied.

Canal issued a commercial auto policy to Titan, bearing policy number I-130294001-1, for the policy period of February 1, 2021, to February 1, 2022 ("the Policy"). The Policy contains an Employee Indemnification and Employer's Liability exclusion providing that there is no coverage for bodily injury to an insured's employee arising out of or in the course and scope of his employment with Titan. Doc. No. 19-1 at 33. Further, the Policy's conditions provide that the insured must give the insurer prompt notice of a claim for loss and that the policy will not pay for liability assumed or expenses incurred without prior approval by Canal. *Id.* at 37.

Canal filed this declaratory action on June 21, 2024, against Titan and Mendoza based on the allegations raised by Mendoza in the Underlying Lawsuit. *See generally* Doc. No. 1. Canal seeks a declaration from this Court that Canal has no duty to defend

or indemnify Titan because: (1) the Policy excludes Mendoza's claims that he was in the course and scope of his employment for Titan when the incident occurred; and (2) Titan never provided notice of the Underlying Lawsuit to Canal as required by the Policy's conditions. It was Mendoza's attorneys seeking to enforce their judgment against the proceeds of the Canal policy who first notified Canal on May 22, 2024, more than three years after the incident and after the final judgment had already been entered. Titan, therefore, allowed a final judgment to be entered, which is a breach of the insuring agreement, and which prejudiced Canal as a matter of law.

## II.   Legal Standards

Federal Rule of Civil Procedure 55(b)(2) governs applications to the Court for default judgment. *See* FED. R. CIV. P. 55(b)(2).   In the Fifth Circuit, there are three steps to securing a default judgment:  (1) default by the defendant; (2) the clerk's entry of default; and (3) the district court's entry of default judgment.  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

Default is warranted against a defendant if, after that defendant has been duly served with process, he has failed to answer or otherwise appear.  *See Omni Capital Int'l v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). But, to be sure, "a defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).  A plaintiff moving for entry of a default judgment must establish that: (1) the defendant was served with the summons and complaint and that default was entered for its failure to appear; (2) the defendant is neither a minor nor

an incompetent person; (3) the defendant is not in military service or not otherwise subject to the Soldiers and Sailors Relief Act of 1940; and (4) if the defendant has appeared in the action, the defendant was provided with notice of the application for default judgment at least three days prior to the hearing. *See Arch Ins. Co. v. WM Masters & Assocs., Inc.*, No. 3:12-CV-2092-M, 2013 WL 145502, at \*2-\*3 (N.D. Tex. Jan. 14, 2013) (Lynn, J.) (citing FED. R. CIV. P. 55 and *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1070 (D. Ariz. 2006)).  The plaintiff must also make a *prima facie* showing that there is "jurisdiction both over the subject matter and the parties." *Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy*, 242 F.3d 322, 324 (5th Cir. 2001).

## III.    Analysis

The Court finds, as a threshold matter, that Canal made a *prima facie* showing that the Court may exercise its subject matter jurisdiction over this matter based on diversity.  Canal is a citizen of South Carolina, Titan is a citizen of Indiana, and Mendoza is a citizen of Texas.  *See* Doc. No. 8 at 2.  Further, the amount in controversy exceeds $75,000.  *See id.* at 4.  The Court also finds that it may exercise personal jurisdiction over Mendoza who is domiciled in Texas.

### A.    Default Judgment is Procedurally Warranted

Mendoza was served with process in this suit on August 12, 2024. *See* Doc. No. 13. Mendoza failed to answer or otherwise respond to Canal's complaint within the time allowed by Fed. R. Civ. P. 12(a)(1)(A)(i).  On October 31, 2024, Canal filed its Request for Clerk's Entry of Default pursuant to Fed. R. Civ. P. 55(a), (b)(1).  Doc.

**Page 4**

No. 15. The clerk entered default against Mendoza on November 1, 2024. Doc. No. 16. Canal then filed a Motion for Default against Mendoza on November 14, 2024. Doc. No. 18.  Further, Mendoza is it is neither a minor nor an incompetent person, and he is not in the military service.  Doc. No. 20; *see Arch Ins. Co.*, 2013 WL 145502, at *3 (citing FED. R. CIV. P. 55(b)(2) and 50 App. U.S.C. § 521(a),(b)(1)(A)-(B)).

Further, the Court has also considered other relevant factors which include: "(1) whether material issues of fact are at issue; (2) whether there has been substantial prejudice; (3) whether grounds for default are clearly established; (4) whether default was caused by good faith mistake or excusable neglect; (5) harshness of default judgment; and (6) whether the court would feel obligated to set aside a default on the defendant's motion." *Arch Ins. Co.*, 2013 WL 145502, at *3 (citing *Lindsey*, 161 F.3d at 893).

The Court concludes that, on this record, default judgment against Mendoza is procedurally warranted.

### B.    Pleadings Present Sufficient Basis for Default Judgment

The Court also finds that the pleadings sufficiently support a default judgment against Mendoza.  *See Nishimatsu Constr.*, 515 F.2d at 1206.  In making this determination, the Court analyzed Canal's Complaint under the pleading standard of Federal Rule of Civil Procedure 8(a)(2).  *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (instructing that, in determining whether a pleading is "well-pleaded" or "sufficient" for purposes of default judgment, the court "draw[s] meaning from the case law on Rule 8, which sets forth the standards governing the

**Page 5**

sufficiency of a complaint."). Canal's factual allegations "need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The policy issued to Titan contains an Employee Indemnification and Employer's Liability exclusion, which states that the policy does not apply to "'bodily injury' to an 'employee' of the 'insured' arising out of and in the course of: [e]mployment by the 'insured'; or [p]erforming the duties related to the conduct of the 'insured's' business…" Doc. No. 19-1 at 33. Furthermore, the Policy's Duties in the Event of Accident, Claim, Suit or Loss condition provides that, "[w]e have no duty to provide coverage under this policy unless there has been full compliance with enumerated directives including: "give us or our authorized representative prompt notice of the 'accident' or 'loss.'" Doc. No. 19-1 at 37. And, when there is an accident, the insured's must "immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or 'suit'…" Doc. No. 19-1 at 37. The condition also requires that the insured "assume no obligation, make no payment or incur no expense without our consent, except at the 'insured's' own cost…" Doc. No. 19-1 at 37.

Therefore, the employee indemnification and employer's liability exclusion precludes coverage, because Mendoza was a Titan employee in the course and scope of his employment at the time of the accident. Moreover, Titan never notified Canal of

**Page 6**

the loss or Underlying Lawsuit, before the jury verdict in favor of Mendoza or the subsequent final judgment.

By its inaction, Titan breached its duties as set out in the duties in the event of accident, claim, suit or loss condition, thereby precluding coverage. Doc. No. 19-1 at 37. "That delay was a breach of the notice provision as a matter of law. " *See Klein v. Century Lloyds*, 275 S.W.2d 95, 97 (Tex. 1955). Further, Texas law states that "[t]he failure to notify an insurer of a default judgment against its insured until after the judgment has become final and nonappealable prejudices the insurer as a matter of law." *Harwell v. State Farm Mut. Auto Ins. Co.*, 896 S.W.2d 170,174 (Tex.1995) (citing *Liberty Mut. Ins. Co. v. Cruz*, 883 S.W.2d 164, 165 (Tex. 1993)).

For the foregoing reasons, Canal is relieved of any obligation under the Policy to defend or indemnify Titan in the Underlying Lawsuit because the Employee Indemnification and Employer's Liability exclusion applies and the duties in the event of accident, claim, suit or loss condition also applies.

Canal has satisfied the Fifth Circuit's three-step process in securing a default judgment against Mendoza. *See New York Life*, 84 F.3d at 141. First, Canal established that Mendoza failed to plead or otherwise defend in this case. *See* Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Second, Canal secured the Clerk's entry of default against Mendoza on November 1, 2024 (Doc. No. 16). *See* Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co.*, 84 F.3d at 141. And, after the Clerk's entry of default, Canal moved for default judgment based on Mendoza's default (Doc. No. 18). *See* Fed. R. Civ. P. 55(b); *N.Y. Life Ins.*, 84 F.3d at 141; *see also Roor Int'l v. Easy's*

*Smokeshop #5, LLC*, No. 4:19-cv-0022-P, 2019 WL 1088528, at *1 (N.D. Tex. Dec. 30, 2019). Third, because Mendoza defaulted, the Court takes as true Canal's well-pleaded allegations and, so, there are no material facts at issue. *See Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Therefore, Mendoza's default judgment adjudicates the merits of the case. *See Rialto Capital Advisors, LLC v. Lewis*, 1:11-CV-698, 2013 WL 1701590, at *2 (E.D. Tex. Apr. 18, 2013) (citing *Norex Petroleum Ltd. v. Access Indus., Inc.*, 416 F.3d 146, 150 (2d. Cir. 2005)).

The Court concludes that Canal is entitled to a declaration that it has no duty to defend or indemnify Titan in the Underlying Lawsuit. The Court further concludes that Canal is entitled to a declaration that it has no duty to satisfy the Final Judgment against Titan in favor of Mendoza entered in the Underlying Lawsuit. For all these reasons, Canal is entitled to a Default Judgment against Ruben Ivan Mendoza.

## IV.    Conclusion

Accordingly, the Court **GRANTS** Plaintiff Canal Insurance Company's Motion for Default Judgment Against Defendant Ivan Mendoza. A separate default judgment will be entered.

**SO ORDERED.**

Signed May 7th, 2025.

_Ed Kinkeade_
ED KINKEADE
UNITED STATES DISTRICT JUDGE